IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Cory T. Credell, )
    Petitioner, ) Case No. 8:10-18-RMG-BHH
     )
    v. ) **ORDER**
     )
Warden McKither Bodison, )
    Respondent. )
_____ )

    This is a *pro se* Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C. The Magistrate Judge has issued a Report and Recommendation recommending that Respondent's motion for summary judgment (Dkt. No. 14) should be denied and that the petition for habeas corpus granted. (Dkt. No. 39). Respondent has filed objections to the R&R. (Dkt. No. 42). Having conducted a *de novo* review of the Record in this matter and considering Respondent's objections, this Court agrees with the Report and Recommendation to the extent that the Magistrate Judge recommends denying summary judgment. This Court finds that, viewed in the light most favorable to Petitioner, there are genuine issues of material fact exist as to whether Petitioner is entitled to the relief he seeks. Fed. R. Civ. P. 56;. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

    The Court has determined that the interests of justice will be best served by the Petitioner being represented by counsel through the duration of the adjudication of his petition for writ of habeas corpus. The Court hereby appoints Richard A. Harpootlian and James M. Griffin, both of Columbia, South Carolina, to serve as counsel for the Petitioner. The District Court for the District

of South Carolina has no funds to compensate these counsel for their services in this matter but counsel will be reimbursed for any out of pocket costs associated with their representation.

However, at this time, this Court does not opine as to the merits of the underlying petition (Dkt. No. 1) and the grounds raised in opposition to same (Dkt. No. 15). Nor does the Court address the Magistrate Judge's recommendation for this Court to grant the petition in part. (*See* Dkt. No. 39). The matters raised in the petition involve serious Constitutional issues and the consequences of a court granting or denying a petition are some of the most important a litigant can confront. *See Boumediene v. Bush*, 553 U.S. 723 (2008); *Fay v. Noia*, 372 U.S. 391 (1963) (describing the serious nature of a habeas proceeding). In the face of these serious Constitutional issues, the Court, in its inherent power to manage its docket and the cases before it, believes that Petitioner should have counsel to advise him regarding these issues and appoints counsel on this basis. *See Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.1978) (addressing the Court's power to appoint counsel). Moreover, this Court believes that it will be benefitted by having oral argument on the petition, the return in opposition, and Respondent's objections to the Report and Recommendation. As a result, this Court hereby orders counsel for the parties to be present on May 2, 2011 at 10:00 at the Charleston Federal Courthouse for argument. Should the parties wish to do so, the Court will accept supplemental memoranda from the parties regarding their respective positions. Any such supplemental memoranda must be filed on or before April 15, 2011.

Accordingly, this Court adopts the magistrate's Report and Recommendation in part with respect to the recommendation to **deny** Defendant's motion for summary judgment. This Court reserves passing upon the merits of the habeas petition at this time in order to allow Petitioner time

to confer with his above, newly appointed counsel and for this Court to hear oral argument on the issues raised in the Petition.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February  15, 2011
Charleston, South Carolina